Donald E. Rothman
drothman@riemerlaw.com
Jeffrey D. Ganz
jganz@riemerlaw.com
RIEMER & BRAUNSTEIN, LLP
Seven Times Square
New York, New York 10036
212-789-3100
ATTORNEYS FOR NOMAD MEZZ LENDING, LLC

Hearing Date: June 21, 2011
Hearing Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In Re:<br><br>MADISON HOTEL OWNERS, LLC,<br><br>Debtors | Case No. 11-12334-MG<br><br>Chapter 11 |
|---|---|

## NOTICE OF HEARING ON MOTION OF NOMAD MEZZ LENDING, LLC TO DISMISS THIS BANKRUPTCY CASE

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion of Nomad Mezz Lending, LLC to Dismiss This Bankruptcy Case (the "Motion") will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, New York 10004 on **June 21, 2011, at 2:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections or responses, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), with two paper copies delivered directly to the chambers of the Honorable Martin Glenn, Room 504, One Bowling Green, New York, NY

10004-1408, and shall be served upon: (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10044, (ii) Riemer & Braunstein, LLP, 3 Center Plaza, Boston, Massachusetts 02108 (Attn: Donald E. Rothman and Jeffrey D. Ganz), (iii) Backenroth Frankel & Krinsky, LLP 489 Fifth Avenue, New York, NY 10017 (Attn: Mark A. Frankel), and (iv) all parties who have requested notice in these chapter 11 cases.

NOMAD MEZZ LENDING, LLC

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 23, 2011

*/s/ Jeffrey D. Ganz*
Donald E. Rothman
Jeffrey D. Ganz
Riemer & Braunstein LLP
Seven Times Square
New York, New York 10036
212-789-3100

1307226.1

Donald E. Rothman  
drothman@riemerlaw.com  
Jeffrey D. Ganz  
jganz@riemerlaw.com  
RIEMER & BRAUNSTEIN, LLP  
Seven Times Square  
New York, New York 10036  
212-789-3100  
*ATTORNEYS FOR NOMAD MEZZ LENDING, LLC*

Hearing Date: **June 21, 2011**  
Hearing Time: **2:00 p.m.**

UNITED STATES BANKRUPTCY COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In Re: | |
|---|---|
| MADISON HOTEL OWNERS, LLC, | Case No. 11-12334-MG |
| Debtors | Chapter 11 |

## MOTION OF NOMAD MEZZ LENDING, LLC TO DISMISS THIS BANKRUPTCY CASE

Nomad Mezz Lending, LLC ("Nomad"), the only secured creditor of Madison Hotel Owners, LLC (the "Debtor"), respectfully submits this Motion to Dismiss (the "Motion") and moves this Honorable Court pursuant to 11 U.S.C. § 1112(b), Fed.R.Bank.P. 1017(f), 9013 and 9014, and Local Rule 9013-1, to dismiss this case because it was filed by the Debtor in bad faith. The Debtor conducts no business, has no bank accounts, earns no income, has no employees, and, therefore, has nothing to reorganize.

The Debtor filed the petition commencing this case at 10:45 p.m. on the evening before Nomad was to conduct a secured party's sale of the only asset owned by the Debtor -- the equity interests in Madison Hotel, LLC, the entity that owns the hotel located at 62 Madison Avenue, New York, New York. The petition should be dismissed as it was filed in bad faith solely to stop the secured party's sale, with the intent to hinder and delay Nomad's legitimate right to foreclose on its collateral, and because the Debtor, a shell entity that conducts no business, cannot maintain

that there is any likelihood of reorganization in this case. In further support of this Motion, Nomad states as follows:

## BACKGROUND

1. The Debtor filed a petition under Chapter 11 of 11 U.S.C. § 1 *et. seq.* (the "Bankruptcy Code") at 10:45 p.m. on May 16, 2011.

2. The Debtor's sole asset is the ownership of 100% of the limited liability company interests (the "LLC Interests") in Madison Hotel, LLC, the owner of the hotel located at 62 Madison Avenue, New York, New York (the "Hotel"). The Debtor is a shell entity created for the sole purpose of owning those LLC Interests, has no other assets, conducts no other business, and has no cash flow.

3. Nomad is the only secured creditor of the Debtor by virtue of a loan arrangement entered into on or about August 29, 2008 in the amount of $5,000,000.00 originally entered into by the Debtor with the Estate of Lawrence Meinwald which was subsequently assigned to Carolyn T. Meinwald, and thereafter assigned to Nomad (the "Loan Arrangement"). The Loan Arrangement is evidenced by, among other things, (i) a Mezzanine Loan Agreement, (ii) a Promissory Note, and (iii) a Pledge and Security Agreement. A copy of each of the foregoing documents are annexed hereto respectively marked Exhibits A, B, and C. A copy of the documentation evidencing the assignment of the Loan Arrangement first to Carolyn T. Meinwald and thereafter to Nomad are annexed hereto collectively marked Exhibit D.

4. Nomad's security interest in the LLC Interests was perfected through possession by Nomad of the original certificates evidencing the LLC Interests, as well as by the filing of a Uniform Commercial Code Amendment which amended the previously filed Financing Statement to name Nomad as secured party. A copy of the certificates evidencing the LLC

Interests and the Uniform Commercial Code Amendment are annexed hereto collectively marked Exhibit E.

5. The Debtor's schedules also list $4,340,000.00 of unsecured debt, however, upon information and belief, at least $3,250,000.00 of that amount is subject to a pre-existing state court lawsuit in which the Debtor is not named as a Defendant and Nomad reserves the right to investigate and challenge whether the remaining $1,090,000.00 is legitimate, arm's length, unsecured indebtedness owed by the Debtor.

6. The Debtor was organized as a "Special Purpose Entity" (as defined in the Mezzanine Loan Agreement) and had covenanted and agreed, among other things, not to conduct any business nor incur any indebtedness other than the indebtedness held by Nomad. Moreover, even if the Debtor does owe the remaining $1,090,000.00 unsecured debt listed in its filings, the existence of that debt does not affect the determination that this case should be dismissed as having been filed in bad faith.

7. As of the petition date, the Loan Arrangement was in default with the Debtor owing Nomad $5,000,000.00, plus interest, costs, expenses, and costs of collection (including attorneys' fees).

8. In accordance with the Loan Arrangement and, in particular, the Pledge and Security Agreement, Nomad had scheduled a secured party's sale of the LLC Interests for 10:00 am on May 17, 2011. Hours prior to the sale, the Debtor filed the voluntary petition commencing this case.

## JURISDICTION

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

### This Case Must be Dismissed for Cause Because it was Filed in Bad Faith.

10. The Debtor's Chapter 11 case was commenced solely to prevent Nomad from exercising its rights under applicable state law as a secured creditor to conduct a secured party's sale and foreclose upon the Debtor's LLC Interests. Moreover, the Debtor simply has no business to rehabilitate or reorganize. Nomad requests that, pursuant to section 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017(f), 9013 and 9014, and Local Rule 9013-1, the Court should dismiss the Chapter 11 case of the Debtor because it has been filed in bad faith.

11. Upon request of a party in interest and after notice and a hearing, a court shall convert a case under Chapter 11 to Chapter 7 or dismiss a case, whichever is in the best interest of the creditors and the estate, for cause unless the Debtor can meet the exceptions provided in § 1112(b)(2)[1]. 11 U.S.C. § 1112(b). Although 11 U.S.C. § 1112(b) sets forth a list of factors that may constitute "cause" to dismiss a chapter 11 case, it is well-settled that this list is non-exclusive and other factors may justify dismissal for cause. *See* 11 U.S.C. § 102(3) (rule of construction provides that the term "includes" is not limiting); *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997) (holding that the factors enumerated in section 1112 are non-exclusive).

12. A Chapter 11 bankruptcy case may be dismissed or converted for cause, where cause includes the filing of a voluntary petition in bad faith. *See* 11 U.S.C. § 1112(b); *C-TC 9th*

---

[1] 11 U.S.C. § 1112(b)(2) provides "the relief in provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the Court that establish that such relief is not in the best interest of creditors and the estate, if the Debtor or another party in interest objects and establishes that (A) there is a reasonable likelihood that a plan will be confirmed . . .within a reasonable period of time fixed by the court; and (B) the grounds for granting such relief include an act or omission of the Debtor other than under paragraph (4)(A) - (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

*Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P-Ship)*, 113 F.3d 1304, 1313 (2d Cir. 1997); *Baker v. Latham Sparrowbush Assoc. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222 (2d Cir. 1991) (in order for a filing to be in good faith, "the debtor must have some intention of reorganizing"); *In re Schur Mgmt. Co.*, 323 B.R. 123 (Bankr. S.D.N.Y. 2005).[2] A petition will be dismissed "if both objective futility of the reorganization process and subjective bad faith in filing the petition are found." *In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) (citations omitted).

13. A petition is futile if on the filing date "there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy." *In re C-TC 9th Ave. P-Ship.*, 113 F.3d at 1309-10 (internal citations and quotations omitted); *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (filing that "lacks a valid reorganizational purpose" may be dismissed for lack of good faith).

14. Bad faith is evidenced by a list of factors adopted by this circuit in *In re C-TC 9th Ave. Pshp.*, 113 F.3d at 1311 and from those listed in *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828 (W.D. Ky. 1992), as follows:

(1) the debtor has only one asset;

(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;

(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;

(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

---

[2] While section 1112(b) offers the Court a choice between dismissal and conversion, a finding that a debtor has filed its petition in bad faith warrants only dismissal because of the abuse of the bankruptcy process inherent in such a filing. *See In re SGL Carbon Corp.*, 200 F.3d 154, 159, n. 8 (3d Cir. 1999) (benefits and protections of the Bankruptcy Code are available only to those debtors that file their petitions in good faith).

(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(6) the debtor has little or no cash flow;

(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and

(8) the debtor has no employees.

*In re C-TC 9th Ave. Pshp.*, 113 F.3d at 1311 (affirming bankruptcy court exercise of discretion to dismiss a case as filed in bad faith where real estate holding companies filed bankruptcy in the course of state foreclosure proceedings, because "on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings").

15. In this case, almost all of the *Pleasant Pointe Apartments* factors are met. The Debtor's only asset is the ownership of the LLC Interests in Madison Hotel, LLC. The Debtor filed bankruptcy mere hours before Nomad's secured party's sale was to occur with the obvious intent of stopping, delaying, and avoiding the sale. Moreover, this case is, in essence, a two party dispute between the Debtor and Nomad, as a secured creditor, which can and should be resolved through state law remedies. The Debtor conducts no business, has no cash flow, and has no employees. Indeed, the Mezzanine Loan Agreement requires that of the Debtor.

16. There is no reasonable likelihood that the Debtor intends to or could reorganize and emerge from bankruptcy. As stated above, the Debtor has no business and its only asset is its ownership of the LLC Interests. There is, in fact, no business to reorganize. Since the Debtor filed this case merely to halt Nomad's secured party's sale, and because the Debtor has

no ability to reorganize and emerge from bankruptcy, Nomad submits that the Court should dismiss this case.

17. These facts - and the very nature of the asset owned by the Debtor - provide evidence of the bad faith exhibited by the Debtor in filing this bankruptcy case. In addition, the same indicia of bad faith that warrant dismissal of this case also support a finding that "cause" exists under section 349(a) of the Bankruptcy Code, thereby justifying a dismissal of this case with prejudice, preventing this Debtor from filing a subsequent voluntary petition for a period of at least six months. *See In re Case*, 198 F.3d 327, 336-41 (2d Cir. 1999) (serial bankruptcy filings warranted a dismissal with prejudice of a subsequent petition); *In re Frieouf*, 938 F.2d 1099, 1104-05 (10th Cir. 1991) (debtor's contumacious and dilatory behavior during a chapter 11 case warrants dismissal with prejudice to another filing for 180 days).

WHEREFORE, Nomad Mezz Lending, LLC, requests that this Honorable Court dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1112(b) and for such other and further relief as the Court deems just and equitable.

NOMAD MEZZ LENDING, LLC

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 23, 2011

/s/ *Jeffrey D. Ganz*
Donald E. Rothman
Jeffrey D. Ganz
Riemer & Braunstein LLP
Seven Times Square
New York, New York 10036
212-789-3100

1305761.4