Jeffrey D. Ganz
jganz@riemerlaw.com
Steven E. Fox
sfox@riemerlaw.com
Brett J. Nizzo
bnizzo@riemerlaw.com
RIEMER & BRAUNSTEIN, LLP
Seven Times Square
New York, New York 10036
212-789-3100
*ATTORNEYS FOR 62 MADISON LENDER, LLC AND
NOMAD MEZZ LENDING, LLC*

Hearing Date: August 31, 2011
Hearing Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                         Chapter 11

MADISON HOTEL, LLC,                                           Case No. 11-12560 (MG)

        Debtor.
------------------------------------------------------------x
In re                                                         Chapter 11

MADISON HOTEL OWNERS, LLC,                                    Case No. 11-12334 (MG)

        Debtor.
------------------------------------------------------------x

MOTION OF 62 MADISON LENDER, LLC AND
NOMAD MEZZ LENDING, LLC FOR ORDER
PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING
THE EXAMINATION OF AND PRODUCTION OF
DOCUMENTS BY SHLOMO SEGEV

62 Madison Lender, LLC ("62 Madison") and Nomad Mezz Lending, LLC ("Nomad", and together with 62 Madison, the "Senior Lenders"), creditors and parties in interest herein, by their undersigned counsel, Riemer & Braunstein LLP, submit this motion (the "Motion") seeking entry of an Order pursuant to Fed. R. Bankr. P. 2004, directing (a) the examination of Shlomo Segev ("Segev") under oath, and (b) the production of documents in the possession of Segev. In

support of the Motion, the Senior Lenders respectfully set forth and represent as follows:

## FACTS

**A.     Introduction**

1.     On May 16, 2011, Madison Hotel Owners, LLC (the "Owner") commenced the above-captioned case by filing a voluntary petition for relief before this Court under Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"). The Owner's only asset is the ownership of 100% of the limited liability company interests ("LLC Interests") in Debtor Madison Hotel, LLC. The Owner is a shell entity created for the sole purpose of owning those LLC Interests, has no other assets, conducts no other business, has no employees, and generates no cash flow.

2.     On May 26, 2011, Madison Hotel, LLC (the "Hotel", and together with the Owner, the "Debtors") commenced its Chapter 11 case by filing a separate voluntary petition for relief before this Court. The Hotel is the owner and operator of a boutique hotel located at 62 Madison Avenue, New York, NY, which is operated under the name "The MAve Hotel." The hotel consists of 72 rooms located on 12 floors.

3.     Since the commencement of these Chapter11 cases, the Debtors have continued in the possession, management and operation of their respective businesses in accordance with Section 1107 and 1108 of the Bankruptcy Code.

4.     As of the date hereof, no trustee or examiner has been appointed, and no official unsecured creditors' committee has been appointed by the U.S. Trustee; however, prior to the commencement of these cases Margaret H. Mayo was appointed by the New York State Supreme Court as receiver (the "Receiver") to manage the assets and operation of the Hotel. By

informal agreement among the Senior Lenders and the Debtors, the Receiver remains in place and continues to manage the affairs and operations of the Hotel.

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (L). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 2004.

### B. The Need To Investigate Segev's Claim

6. On May 16, 2011, the Owner filed its schedules of assets and liabilities (the "Owner Schedules"). In Schedule F, the Owner identifies only six creditors holding unsecured claims, including a claim against the Debtors in the amount of $80,000 (the "Segev Claims"). On July 1, 2011, Hotel filed its requisite statement of assets and liabilities, and statement of financial affairs (the "Hotel Schedules") and also listed the Segev Claims.

7. The circumstances surrounding the origination of the Segev Claims are not clear or fully explained from the Debtors' Schedules. Those circumstances could become relevant to the Debtors' bankruptcy cases because the Hotel's loan arrangement with 62 Madison placed severe restrictions on the Hotel's ability to enter into other loan arrangements without 62 Madison's consent and the Hotel and its principals made certain representations and warranties concerning the existence of other loan arrangements.

8. Moreover, on July 31, 2011, the Debtors filed their proposed joint plan of reorganization ("Plan") and related proposed disclosure statement ("Disclosure Statement") in which the Debtors propose to pay all allowed unsecured claims in full within eighteen months of the effective date of the Plan. According to the Debtors, the total amount of the undisputed, unsecured claims is $1,113,689 and, if all other filed claims are allowed, could exceed

$5,234,949.82. If the Plan is confirmed, that sum would need to be paid within very short order after their emergence from bankruptcy. Moreover, if the Plan is modified or other parties are permitted to file competing plans of reorganization, the Segev Claims will need to be addressed.

9. The nature, amount, and validity of the Segev Claims against the Debtors are, therefore, a significant aspect of these bankruptcy cases, warranting a complete and thorough investigation at this time. In these circumstances, the Senior Lenders believe it is critical that they be authorized to examine Segev under Bankruptcy Rule 2004 for the purpose of, inter alia, determining the nature, extent and validity of the each of the Segev Claims. Access to this information will be critical to the Senior Lenders' evaluation of the Debtors' prospects of reorganization, as well as the prospects for creditor recoveries herein.

## RELIEF REQUESTED

10. By this Motion, the Senior Lenders respectfully request the entry of an order pursuant to Bankruptcy Rule 2004 substantially in the form annexed hereto as Exhibit C, (i) directing Segev to appear for examination upon fourteen days' notice at the offices of Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, or at such other time and place as the parties may mutually agree, and continuing from day to day until completed; (2) directing Segev to produce upon fourteen days' notice documentary information concerning the Segev Claims as filed with the Court, and as more fully described in Exhibit A attached hereto, at the offices of Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, or at such other place as the parties mutually agree upon, and (3) authorizing the Senior Lenders to issue a subpoena in connection with the foregoing, in substantially the form annexed hereto as Exhibit B. The Senior

Lenders believe that aside from the Debtors, Segev is in the best position to know the nature, extent and validity of the Segev Claims.

## BASIS FOR RELIEF

11. Fed. R. Bankr. P. 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The Senior Lenders, as the senior secured creditor of each Debtor, has standing to take a Rule 2004 examination. Fed. R. Bankr. P. 1009(b).

12. Generally, the purpose of a Bankruptcy Rule 2004 motion is to assist the investigator in revealing the nature and extent of the estate and to "[d]iscover assets, examine transactions, and determine whether wrongdoing has occurred." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). The scope of the examination may relate "[t]o the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the estate..." Fed. R. Bankr. P. 2004(b).

13. The scope of examination permitted under Rule 2004 is broad and, generally, unfettered. See e.g. *In re Table Talk, Inc.*, 51 B.R. 143,145 (Bankr. D. Mass. 1985). See also *Martin v. Keybank of New York*, 208 B.R. 807, 810 (N.D.N.Y 1997) (the general rule is that the scope of a Rule 2004 Examination is very broad and great latitude of inquiry is ordinarily permitted); *In re CENA's Fine Furniture Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y 1990) (the scope of a Rule 2004 examination is unfettered and broad...examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds) (internal citations omitted); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y 1996) (noting that Rule 2004 Examinations have been likened to "fishing expeditions into general matters and issues regarding the administration of the bankruptcy estates"). Thus, the scope of examination exceeds that allowed in discovery

under the Federal Rules of Civil Procedure. See *In re Duratech Indus.*, 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999).

14. Bankruptcy Rule 2004 affords both debtors and creditors the broad rights of examination of a party's documents and records. See *Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994), aff'd, 52 F.3d 1067 (5th Cir. 1995) (citing *Cameron v. United States*, 231 U.S. 710, 716 (1914). Moreover, all third-party non-debtors who can be shown to have a relationship with the debtor are subject to examination. See *In re Olsen*, No. UT-98-088, 1999 WL 513846, at *2 (10th Cir. B.A.P. June 24, 1999); *In re Bennett Funding Group*, 203 B.R. at 27-28.

15. The oral examination of Segev and the production of documents by Segev are not only authorized by Bankruptcy Rule 2004, but are in the best interests of the Debtors' estates and creditors. An inquiry into the Segev Claims is essential for the Senior Lenders, among others, to properly evaluate the Debtors' proposed Plan. Accordingly, the Senior Lenders submit that the production and turnover of the documents in Segev's possession, custody and/or control are necessary and warranted to further the administration of these estates.

## CONCLUSION

16. Insofar as this Motion does not present novel questions of law, the Senior Lenders request that the Court waive any requirement to provide a separate memorandum of law, beyond the legal authorities cited herein.

17. The Senior Lenders have provided notice of this Motion to (a) the Office of the United States Trustee; (b) the Debtors' counsel, (c) Segev, and (d) those parties who have entered a notice of appearance in these cases. The Senior Lenders respectfully submit that no further notice is required in the circumstances.

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Senior Lenders respectfully request that the Court issue and enter an order, in substantially the form annexed hereto, inter alia, (a) granting the relief requested in the Motion and (b) granting the Senior Lenders such other and further relief as is just and proper.

Dated: August 11, 2011
      New York, New York

Respectfully submitted,

RIEMER & BRAUNSTEIN LLP
*Counsel to 62 Madison Lender, LLC and Nomad Mezz Lending, LLC*

By: */s/ Jeffrey D. Ganz*
    Jeffrey D. Ganz
    Steven E. Fox
    Brett J. Nizzo
    Times Square Tower
    Seven Times Square, Suite 206
    New York, New York 10036
    Tel.: (212) 789-3100

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### DEFINITIONS

A. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

B. "Segev" means Shlomo Segev, his attorneys, agents, and representatives.

C. "Segev Claims" means those certain claims against the Debtors' estates held by Segev, as reflected on Schedule F to the Debtors' schedules of assets and liabilities.

D. "Communication(s)" means and includes any transmission or exchange of information between two or more persons, whether orally or in writing, including, without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telephone, telegraph, telex, telecopy, e-mail, cable, or some other electronic or other medium.

E. "Debtors" means, individually and collectively, Madison Hotel Owners, LLC and Madison Hotel, LLC.

F. "Document" or "documents" is used in the broadest sense, and includes all tangible things and recorded information, including the original or non-identical copy or draft. Examples of documents include, but are not limited to, handwritten, typed or printed papers, handwritten notations, letters, cards, memoranda, invoices, purchase orders, diaries, electronic mail, financial statements, manuals, calendars, notes of telephone conversations, reports, receipts, correspondence, notes, ledger entries, accounting entries, computer print outs, tapes, billings, disks, time sheets, expenses, vouchers, cost statements, CD-ROM, and other forms of electronically or magnetically maintained information. The terms shall also include the file jackets, and labels

thereon, in which responsive documents are maintained. Each request for production seeks the production of documents from any time period that meets the description set forth in that particular request for production.

G. "Person" or "persons" means and includes any natural person, corporation (private or governmental), limited liability company, syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, and shall include your current or former employees and agents.

H. "Relating to" or "referred to" means concerning, evidencing, containing, recording, discussing, mentioning, reflecting, noting, summarizing, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in the request for production.

I. "Relevant Period" means January 1, 2007 through and including the present.

J. "Senior Lenders" means and includes 62 Madison Lender, LLC and Nomad Mezz Lending, LLC, and each of their respective predecessors, successors, assigns, members, agents, representatives, and attorneys.

K. Terms such as "and", "or" and "and/or" each mean: (i) "and" individually; (ii) "or" individually; and (iii) "and" and "or" together.

## INSTRUCTIONS

A. When making documents available, all documents that are physically attached to each other in files shall be made available in that form. Documents that are segregated or separated from other documents whether by inclusion in binders, files, subfiles or by use of dividers,

tabs or any other method, shall be made available in that form. Documents shall be made available in the order and manner in which they are maintained.

B. If any portion of a document is responsive to a request, the entire document shall be produced. If documents that are produced in response to a request are normally kept in a file or other folder, then that file or folder, together with any labels attached thereto, shall be produced.

C. For each document withheld on the basis of any claim of privilege, the following information shall be produced: (i) the type of document; (ii) the identity of author(s) and addressee(s) of the document and any persons who received copies of the document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) such other information as is sufficient to identify the document for compelling production or to enable the Court to make an in camera determination of any claimed privilege or any objection asserted as a basis for withholding production.

D. Except when otherwise expressly stated, each itemized request calls for all documents described regardless of the time or date prepared, authored, generated, revised, sent, received or used.

E. If a request calls for a production of a document that has been destroyed, placed beyond Debtors' control, or otherwise disposed of, with respect to each such document the following shall be set forth: (i) the identity of author of the document; (ii) the identity of addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in a document to receive a copy thereof; (iii) the title of the document, if any, or other identifying data; (iv) the type of document (e.g., letter, memorandum); and (v) a summary of its nature and subject matter.

## DESIGNATION OF DOCUMENTS

THE DOCUMENTS AND COMMUNICATIONS TO BE PRODUCED IN RESPONSE TO THIS REQUEST FOR PRODUCTION OF DOCUMENTS ARE THE FOLLOWING:

1. All communications between Segev and the Debtors;

2. All communications between Segev and any other person relating to the Segev Claims not otherwise subject to the attorney-client privilege or the work-product doctrine;

3. All documents and communications relating to the financial condition (assets, liabilities, revenues and expenses) of the Debtors during the Relevant Period including, without limitation, loan applications, financial statements, reports, and credit assessments or reviews;

4. All documents relating to the terms of the loan arrangement or other obligations underlying the Segev Claims including, without limitation, all term sheets, commitment letters, loan agreements, letter of credit facility agreements, promissory notes, security agreements, deposit account control agreements, consents, assignments, mortgages, guarantees, financing statements, or other agreements or instruments in connection therewith;

5. All documents relating to the performance of the Debtors under the loan arrangement or other obligations underlying the Segev Claims;

6. All documents and communications relating to the amounts due under the Segev Claims during the Relevant Period including, without limitation, all documents relating to payments, made by or on behalf of the Debtors;

7. All documents relating to the transfer of money or other assets from Segev to or for the benefit of the Debtors during the Relevant Period; and

8. All documents and communications relating to the ownership interest, if any, of Segev in the Debtors or in entities in which the Debtors' members also have an ownership interest.

## Exhibit B

Proposed Subpoena

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

| | |
|---|---|
| In re<br><br>MADISON HOTEL, LLC,   Chapter 11<br><br>           Debtor.   Case No. 11-12560 (MG)<br><br>In re<br><br>MADISON HOTEL, LLC,   Chapter 11<br><br>           Debtor.   Case No. 11-12334 (MG)<br><br>To:<br>Mr. Shlomo Segev<br>450 East 83rd Street, Unit 3E<br>New York, NY 10028 | SUBPOENA IN BANKRUPTCY CASES PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below, and from day to day thereafter, at the taking of a deposition in the above adversary proceeding:

| PLACE: | DATE AND TIME |
|---|---|
| **Riemer & Braunstein LLP**<br>**Seven Times Square, Suite 2506**<br>**New York, New York 10036** | _____<br>_____, 2011 |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents listed on schedule "A" annexed to this subpoena.**

| PLACE: | DATE AND TIME |
|---|---|
| **Riemer & Braunstein LLP**<br>**Seven Times Square, Suite 2506**<br>**New York, New York 10036**<br>**Attention: Jeffrey D. Ganz, Esquire** | _____<br>_____, 2011 |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE: |
|---|---|
| Jeffrey D. Ganz, Attorney for 62 Madison Lender, LLC and Nomad Mezz Lending, LLC | _____, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey D. Ganz, Esq., Riemer & Braunstein LLP, Seven Times Square, Suite 2506, New York, New York 10036, Telephone 617-880.3568

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden of expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such order to compel production shall protect any person who is not a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit C

Proposed Order

1362282.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                          Chapter 11

MADISON HOTEL, LLC,                            Case No. 11-12560 (MG)

          Debtor.
------------------------------------------------------x
In re                                          Chapter 11

MADISON HOTEL OWNERS, LLC,                     Case No. 11-12334 (MG)

          Debtor.
------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING THE EXAMINATION AND PRODUCTION OF DOCUMENTS BY SHLOMO SEGEV

UPON consideration of the motion (the "Motion") of 62 Madison Lender, LLC ("62 Madison") and Nomad Mezz Lending, LLC ("Nomad", and together with 62 Madison, the "Senior Lenders"), creditors and parties in interest herein, for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure directing the production of documents by and the examination of Shlomo Segev ("Segev"), the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Senior Lenders, the Debtors' estates, their creditors and other parties-in-interest; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

NOW THEREFORE, it is hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that Segev is to appear for examination upon fourteen days' notice at the offices of Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, or at such other time and place as the parties may mutually agree, and continuing from day to day until completed; and it is further

ORDERED, that upon fourteen days' notice Segev shall produce the documents more fully described in <u>Exhibit A</u> attached hereto, at the offices of Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, or at such other place as the parties mutually agree upon; and it is further

ORDERED, that the movant is hereby authorized to issue a subpoena in connection with the foregoing, in substantially the form annexed to the Motion as <u>Exhibit B</u>; and it is further

ORDERED, that the entry of this Order is without prejudice to the Senior Lenders' right to request and/or to conduct any other discovery, pursuant to Rule 2004 or other applicable law, from any person or entity, as the Senior Lenders deem fit.

Dated: New York, New York
_____ \_\_, 2011

---

Hon. Martin Glenn
United States Bankruptcy Judge

1362283.1

- 2 -